NO. 07-07-0330-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 25, 2008
______________________________

GEORGE KIRBY, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,937; HON. BRADLEY S. UNDERWOOD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          George Kirby was convicted by a jury of manufacturing a controlled substance. He
seeks reversal by contending that the trial court erred in admitting into evidence a booking
photograph which depicted his appearance on the day of his arrest. Allegedly the picture
was both irrelevant and unduly inflammatory. We affirm the judgment.
          The photograph was mentioned again by the State. However, only the first
reference drew objections from appellant. The other did not. Moreover, appellant did not
ask for a running or continuous objection from the trial court when his first complaints were
overruled. By not asking for a running objection and by withholding further complaint when
the State alluded to the photograph for a second time during the testimony of a different
officer, appellant did not preserve the purported error now before us. Ethington v. State,
819 S.W.2d 854, 859-60 (Tex. Crim. App. 1991). 
          Accordingly, we overrule appellant’s issues and affirm the judgment. 
 
                                                                           Per Curiam

Do not publish.



s of
litigants."

ANALYSIS

 Granting appellant's motion would expand the time limits established by the TRAP
for appellant's appeals process. As Rule 2 has been interpreted in Oldham and Riewe,
we cannot suspend the operation of Rule 21.8 and extend the time for the trial court to rule
on appellant's amended motion for new trial under the circumstances presented by
appellant. Thus, assuming appellant, the State, and the trial judge agreed on the proposal
as described in appellant's motion, we still must, and therefore do, deny appellant's
motion. 

 Per Curiam


Do not publish.

1. Further references to the rules of appellate procedure will be by reference to "Rule"
or "TRAP."